NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0466n.06
No. 19-2467

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Aug 05, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| COMFORCARE FRANCHISE SYSTEMS, LLC, a Michigan limited liability company, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| COMFORCARE HILLSBORO MCMINNVILLE CORPORATION, an Oregon corporation; LIONEL LARMANGER, an Oregon resident; KIMERIE LARMANGER, an Oregon resident | ) ) ) ) ) | |
| Defendants-Appellees. | ) | |

Before: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

KETHLEDGE, Circuit Judge. Plaintiff ComForCare Franchise Systems ("CFS") appeals the district court's decision to grant only in part CFS's motion for a preliminary injunction. We affirm.

CFS entered into a Franchise Agreement with the defendants (whom we refer to as "the Larmangers"), pursuant to which the Larmangers would provide in-home healthcare services. The Larmangers later notified CFS that they were terminating the agreement and that they would continue serving their existing patients. CFS then brought this suit, claiming among other things that the Larmangers were in violation of a non-compete provision in the agreement. CFS also moved for a preliminary injunction, seeking basically to enjoin the Larmangers (and their 53 employees) from providing any services to any patients. The district court granted the motion for the most part, but denied it as to the Larmangers' provision of services to their 79 existing patients.

We affirm largely on the basis of the district court's thorough opinion. CFS's overarching complaint on appeal is that the district court "rewrote" the parties' non-compete provision when it allowed the Larmangers to continue serving their existing patients during the pendency of this litigation. But that argument itself seriously misconstrues the nature of the decision at issue here. No contract can dictate to a federal district court a decision whether to grant injunctive relief. That decision instead depends upon an exercise of the court's discretion, as bounded by the relevant factors from the caselaw. *See Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087 (2017); *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 854 (6th Cir. 2017). The district court wisely applied those factors by recognizing that health-care providers are not commodities, and found that the Larmangers' existing patients would suffer if the Larmangers were enjoined from serving them. We find no abuse of discretion.

Affirmed.